FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 11 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X   Case No.

PATRICIA DAVID,

                                  Plaintiff,

                                  **COMPLAINT**

    -against-

ENHANCED RECOVERY COMPANY, LLC.,

**CV11 - 3876**
**ROSS, J.**

                                  Defendant.
---------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

INTRODUCTION

       1.     This is an action for damages and equitable relief brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought for damages pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(1)(A)(iii), and the New York General Business Law §349 ("NYGBL §349") for an injunction against defendant's deceptive acts and practices.

PARTIES

       2.     Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Defendant uses the telephone to collect consumer debts owed or due or alleged to be owed or due to others. Upon information and belief, defendant is a foreign limited liability company incorporated in Delaware.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA), 47 U.S.C. §227(b)(1)(A)(iii) (TCPA) and 28 U.S.C. §1331, and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## STATEMENT OF FACTS

5. That at a time better known to defendant, defendant commenced the collection of a consumer debt allegedly owed by plaintiff to T-Mobile USA, Inc.

6. That sometime in or around June 2011, defendant began to make telephone calls to plaintiff's cellular telephone in an attempt to collect the debt.

7. That defendant continued to make telephone calls to plaintiff's cellular telephone until, at the earliest, the end of July 2011.

8. That during the said period from approximately June 2011 to end of July 2011 defendant used an automatic telephone dialing system to call plaintiff's cellular telephone number.

9. That plaintiff did not give her express consent to defendant's use of an automatic dialing system to call her cellular telephone number.

10. That during the said period from approximately June 2011 to end of July 2011 defendant used an artificial or prerecorded voice to call plaintiff's cellular

telephone number.

11. That plaintiff did not give her express consent to defendant's use of an artificial prerecorded voice to call her cellular telephone number.

12. That during the said period from approximately June 2011 to end of July 2011, defendant called plaintiff on her cellular telephone more than 30 times.

13. That on some days defendant called plaintiff on her telephone more than once each day.

14. That on some days defendant called plaintiff twice in two minutes.

15. That plaintiff answered the telephone on most of the occasions, only to hear the prerecorded voice.

16. That plaintiff was greatly harassed and inconvenienced by defendant's repeated telephone calls to her cellular telephone, in that for most of the period in question she was at home rehabilitating from a personal injury and suffered great pain and discomfort when she had to move quickly to answer her telephone when defendant would call.

## AS AND FOR A FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FDCPA §§1692d, 1692d(5) and 1692f

17. Plaintiff re-alleges paragraphs 1 to 16 as if fully re-stated herein.

18. That defendant, by its aforementioned conduct, has violated the FDCPA, including but not limited to §§1692d and 1692d(5) in that defendant's use of an artificial or prerecorded voice to telephone plaintiff repeatedly is such as to harass, oppress or abuse plaintiff and the least sophisticated consumer.

19. That defendant's conduct in calling plaintiff repeatedly as aforementioned over a period of approximately two months was done by defendant with intent to annoy, abuse and harass plaintiff and plaintiff did feel annoyed, abused and harassed by defendant's said conduct.

20. That defendant by its aforementioned conduct has engaged in an unfair and unconscionable means of attempting to collect a debt, in violation of the FDCPA, §1692f.

## AS AND FOR A SECOND CAUSE OF ACTION

## VIOLATION OF THE TCPA

21. Plaintiff re-alleges paragraphs 1 to 20 as if fully re-stated herein.

22. That defendant by its aforementioned conduct, violated the TCPA, §227(b)(1)(A)(iii), in using an automatic telephone dialing system and an artificial or prerecorded voice to call plaintiff's cellular telephone number without plaintiff's prior express consent.

## AS AND FOR A THIRD CAUSE OF ACTION

## VIOLATION OF NYGBL

23. That plaintiff re-alleges paragraphs 1 to 22 as if fully re-stated herein.

24. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

25. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant uses the telephone to contact thousands of consumers within New York State each year in its debt collection attempts. Said telephone contacts are primarily by defendant's use of an automatic dialing system and/ or an artificial or prerecorded voice.

26. That defendant violated the NYGBL §349 by using an automatic telephone dialing system and an artificial or prerecorded voice to call plaintiff's cellular telephone.

27. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) statutory damages pursuant to 47 U.S.C. §227(b)(3) in an amount to be determined at the time of trial and treble damages for defendant's willful and knowing violations;

(d) enjoining defendant from further improper contact with plaintiff pursuant to NYGBL §349;

(e)  enjoining defendant from further improper contact with plaintiff pursuant to the TCPA §227(b)(3);

(f)  reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k, 47 U.S.C. §227(b)(3) and NYGBL §349(h); and

(g)  for such other and further relief as to the Court may be just and proper.

Dated: New York, New York
       August 8, 2011.

_____
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com